JohnsoN, C. J. This whole proceeding is marked by an extraordinary degree of irregularity and error. The cause was set for final hearing the first time, before the coining in of the answer to the original bill, and it was also set down a second time upon the original and cross bills, and that without any mention whatever of either answer, and also without a replication having been filed to either. If it was intended to set down the two causes upon the bills alone, and without any reference to the answers, the course adopted was most clearly erroneous, as they both stood confessed and should have been treated accordingly; but if, on the other hand, it was designed to include the answer or either of them, in the hearing, it should have been expressly stated upon the record, and in the absence of such statement, the legal intendment is, that they were wholly disregarded, and that the record means precisely rvhat it says, and that both causes were actually set down for final hearing upon the bills alone. The Revised Code, see. 47, of chap. 23, expressly declares that, “When a replication is filed the cause shall be at issue, and stand for trial at the next term of the court, after replication filed,” and that “if the replication be not filed within three days after the filing of an answer, the cause shall be set for trial on bill and answer, in which case the answer shall be taken as true, and no evidence shall be received unless it be matter of record, referred to in the answer.” It is contended that the court below was not at liberty to hear the evidence, as no replication was filed to either answer, and several authorities are cited to that point. It is unnecessary here to decide that question, as, from the state of the pleadings and the order of the court, setting down the causes for final hearing, even the answers themselves were not legitimately before the court or entitled to any consideration whatever. It appears that the defendant to the original bill had interposed an answer, which, by some means, was lost, and the court upon his application extended the time to the next succeeding term, for him to file a new one, and at the same time and by the same identical order, set down the cause for final hearing. It was a palpable error, after giving the defendant in the original suit until the succeeding term of the court to file his answer, at the same time to set the cause down for final hearing. It was utterly impracticable to foresee whether there would be any thing to try or not, before the answer was filed. It was equally erroneous to set down both causes for final hearing upon the bills alone. The 34th and 35th sections of the chapter already referred to, are plain and explicit as to the course which should have been pursued, in case the complainant in the original bill did not see proper to insist upon his answer to the cross bill. They provide that “Any defendant may in his answer introduce any new matter which he may deem material for his de-fence, and may exhibit interrogatories and call on the complainant to answer the same on oath, and the complainant shall file his answer in such time as may be prescribed by the rules of. the court,” and that “if the complainant shall fail to answer such interrogatories, his bill or petition shall be dismissed with costs, or the new matter set out in the defendant’s answer shall be taken as confessed, and a decree entered accordingly.” All these provisions seem to have been overlooked or wholly disregarded in the present case. We are clear, therefore, that there is error in the decree of the Circuit Court, for which it ought to be reversed. It is, therefore, ordered, adjudged, and decreed, that the decree of the Circuit Court, herein rendered, be, and the same is hereby, reversed, annulled, and set aside, and it is further ordered, that the cause be remanded to said Circuit Court, with instructions to permit both parties to amend their pleadings, if they desire to do so, and further to proceed in the same according to law, and not inconsistent with this opinion.